IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| TOMMY JOE BOLDEN | § | |
| v. | § | CIVIL ACTION NO. 6:08cv406 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Tommy Bolden, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his sentence computation. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

After review of the pleadings, the Magistrate Judge issued a Report recommending that Bolden's petition be dismissed without prejudice for failure to exhaust state remedies. Bolden is challenging a June 2008 recalculation of his time credits which added approximately 48 months to his out-of-custody time, for which he did not receive credit on his sentence; in other words, because these 48 months were added to the time which Bolden was considered out of custody, this period was not credited to his sentence. In his answer, the Respondent stated that Bolden filed two state habeas corpus petitions about the June 2008 sentence recalculation, and both of these petitions were dismissed without written order because Bolden had not received a written decision on this claim from the TDCJ Time Credit Dispute Resolution Board, nor had 180 days passed from the date that Bolden sought relief through the time credit dispute resolution process. *See* Tex. Gov. Code art. 501.0081 (stating that inmates must seek relief through the time credit dispute resolution process prior to seeking state habeas corpus relief on time credit issues). Thus, the Respondent said, Bolden

1

had not properly presented his claim to the highest court for the State of Texas, rendering it unexhausted for purposes of federal habeas corpus relief.

Bolden filed a motion for extension of time in which to object to the Report, which was granted. In his objections, however, Bolden does not address the question of exhaustion at all, simply arguing that he should have been released on July 9, 2008, which was his projected release date prior to the recalculation, and saying that he "was under the assumption that petitioner had every right to petition the courts." His objections fail to show that the Magistrate Judge's Report was incorrect.

The Court has conducted a careful *de novo* review of the pleadings in this case, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED without prejudice for failure to exhaust state remedies. It is further

ORDERED that any and all motions which may be pending in this cause are hereby DENIED.

**SIGNED this 26th day of April, 2009.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE